# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ANTONIO FALCON, | CASE NO. 1:10-cv-02262 GSA PC |
| Plaintiff, | ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED |
| v. | RESPONSE DUE IN THIRTY DAYS |
| M. R. PHILLIPS, | |
| Defendant. | |

### Screening Order

**I.     Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1). This action proceeds on the original complaint.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. <u>Swierkiewicz v. Sorema, N.A.</u>, 534 U.S. 506 (512) (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkewicz</u>, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (209), citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" <u>Iqbal</u>, 129 S.Ct. at 1949, quoting <u>Twombly</u>, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. <u>Iqbal</u>, 129 S.Ct. at 1949.

**II.     Plaintiff's Claims**

Plaintiff's sole claim in this action relates to a disciplinary hearing held by Defendant Lieutenant Phillips. Plaintiff's statement of claim, in its entirety, follows.

> Plaintiff was found guilty of a serious rules violation by Lt. M. R. Phillips on April 4th 2010 without being allowed to present witnesses relevant to the case. Lt. M. R. Phillips was assigned as the senior hearing officer during the fact finding hearing in response to modification order number KVSP-0-09-01820 dated December 11th 2009 to remedy previous due process violations during a prior fact finding hearing. Nevertheless Lt. M. R. Phillips denied plaintiff relevant witnesses after the fact, once more.

(Compl. ¶ IV.)

In <u>Edwards v. Balisok</u>, 520 U.S. 641, 644 (1997), the United States Supreme Court applied the doctrine articulated in <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994), to prison disciplinary hearings. In <u>Heck</u>, the Court held that a state prisoner's claim for damages for unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. 512 U.S. at 487. In applying the principle to the facts of <u>Balisok</u>, the Court held that a claim challenging the procedures used in a prison disciplinary hearing, even if such a claim seeks money damages and no injunctive

1 relief, is not cognizable under § 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing. 520 U.S. at 646. Because such a challenge, if successful, would invalidate the duration of the inmate's confinement, it is properly brought as a habeas corpus petition and not under § 1983. Heck, 512 U.S. at 487; Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Although the specific facts of Balisok involved allegations of deceit and bias on the part of a hearing officer, the Court's reasoning applies to any claim which, if proven, would have the effect of invalidating the result of a disciplinary hearing. Here, Plaintiff's core factual allegation is that he was denied the opportunity to call witnesses at his hearing. Because Plaintiff's claim necessarily implies the invalidity of Plaintiff's continued confinement as a result of his disciplinary hearing, Plaintiff's claim will not accrue until the conviction or sentence has been invalidated. Plaintiff has not alleged any facts indicating that his conviction has been reversed, expunged or otherwise invalidated. The complaint should therefore be dismissed.

### III. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. Plaintiff will therefore be directed to show cause why this action should not be dismissed for failure to state a claim upon which relief could be granted.

Accordingly, based on the foregoing, it is HEREBY ORDERED that Plaintiff shall show cause, within thirty days of the date of service of this order, why this action should not be dismissed for failure to state a claim upon which relief could be granted. Should Plaintiff fail to file a response to the order to show cause, the Court will dismiss this action for failure to state a claim upon which relief could be granted.

IT IS SO ORDERED.

Dated: **March 8, 2011**         /s/ Gary S. Austin
                                 UNITED STATES MAGISTRATE JUDGE