# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ANTONIO FALCON, | 1:10-cv-02262-GSA-PC |
| Plaintiff, | SECOND SCREENING ORDER |
| v. | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND |
| M. R. PHILLIPS, | (Doc. 1.) |
| Defendant. | THIRTY DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT |
| _____/ | |

## I.    RELEVANT PROCEDURAL HISTORY

Juan Antonio Falcon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the original Complaint commencing this action on December 6, 2010.  (Doc. 1.)  On December 16, 2010, Plaintiff consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636 (c)(1), and no other parties have appeared. (Doc. 5.)  The Court screened the Complaint and entered an order on March 9, 2011, requiring Plaintiff to show cause why this case should not be dismissed for failure to state a claim under Heck v. Humphrey, 512 U.S. 477, 487 (1994) and Edwards v. Balisok, 520 U.S. 641, 644 (1997).  (Doc. 6.)  On March 18, 2011, Plaintiff responded to the order to show cause, arguing that this case should not be dismissed under Heck and Balisok because his disciplinary conviction was reversed, vacated, and invalidated.  (Doc. 7.)  In light of Plaintiff's response to the order to show cause, Plaintiff's original Complaint is now before the Court for a second screening.

## II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

## III.    SUMMARY OF COMPLAINT

Plaintiff is presently incarcerated at High Desert State Prison in Susanville, California.  The events at issue allegedly occurred at Kern Valley State Prison when Plaintiff was incarcerated there. Plaintiff names one defendant, Correctional Lieutenant M. R. Phillips ("Defendant").

///

Plaintiff's entire allegations in the Complaint consist of the following:

"Plaintiff was found guilty of a serious rules violation by Lt. M. R. Phillips on April 4th 2010 without being allowed to present witnesses relevant to the case. Lt. M. R. Phillips was assigned as the senior hearing officer during the fact finding hearing in response to modification order number KVSP-0-09-01820 dated December 11th 2009 to remedy previous due process violations during a prior fact finding hearing. Nevertheless Lt. M. R. Phillips denied plaintiff relevant witnesses after the fact, once more."

Complaint, Doc. 1 at 3 ¶IV.  Plaintiff requests as relief "[t]hat serious Rules Violation log #FA-09-08-006R and all dispositions related to it be vacated and dismissed."  Id. ¶V.

## IV.   PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . .  creates a cause of action for violations of the federal Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A.   Due Process

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law.  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005).  To state a claim, Plaintiff must first identify the interest at stake. Wilkinson, 545 U.S. at 221.  Liberty interests may arise from the Due Process Clause or from state law.  Id.  The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, id. at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, id. at 222-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted).  Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.  Wilkinson, 545

///

1  U.S. at 221 (citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d

2  716, 718 (9th Cir. 2007).

3       "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply

4  of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539,

5  556 (1974).  With respect to prison disciplinary proceedings, the minimum procedural requirements

6  that must be met are:  (1) written notice of the charges; (2) at least 24 hours between the time the

7  prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his

8  defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking

9  disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him

10  to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal

11  assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex.

12  Id. at 563-71.  As long as the five minimum Wolff requirements are met, due process has been

13  satisfied.  Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).  "Some evidence" must support

14  the decision of the hearing officer.  Superintendent v. Hill, 472 U.S. 445, 455 (1985).  The standard

15  is not particularly stringent and the relevant inquiry is whether "there is *any* evidence in the record

16  that could support the conclusion reached . . . ."  Id. at 455-56 (emphasis added).

17       In the event that Plaintiff was forced to spend time in Ad-Seg as a result of his RVR hearing,

18  Plaintiff is advised that the Due Process Clause itself does not confer on inmates a liberty interest

19  in being confined in the general prison population instead of administrative segregation.  See Hewitt

20  v. Helms, 459 U.S. 460, 466-68 (1983); see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997)

21  (convicted inmate's due process claim fails because he has no liberty interest in freedom from state

22  action taken within sentence imposed and administrative segregation falls within the terms of

23  confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213

24  F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of

25  confinement normally expected by inmates in relation to ordinary incidents of prison life and,

26  therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU)

27  (quotations omitted).

28  ///

As Plaintiff was advised in the Court's order to show cause issued on March 9, 2011, the Supreme Court has held that a claim challenging the procedures used in a prison disciplinary hearing is not cognizable under § 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing. Balisok, 520 U.S. at 644. Such a challenge is properly brought as a habeas corpus petition and not under § 1983. Heck, 512 U.S. at 487; Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) Such a claim will not accrue until the conviction or sentence has been invalidated. In this case, Plaintiff has notified the Court that his disciplinary conviction was reversed, vacated, and invalidated. (Doc. 7.) However, to state a claim, Plaintiff must allege in the complaint that the disciplinary conviction was invalidated.

Plaintiff has not alleged facts demonstrating that he was subject to a disciplinary action which entitled him to due process protections under federal law. Therefore, Plaintiff fails to state a claim for violation of due process. This claim shall be dismissed, with leave to amend.

**B.    Injunctive Relief**

Plaintiff requests only injunctive relief in this action, via an order vacating and dismissing his Rules Violation Report. Any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Moreover, when an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). The events at issue in this action allegedly occurred at Kern Valley State Prison in Delano, California, and Plaintiff is no longer housed there. Therefore, Plaintiff is not entitled to injunctive relief and is confined to seeking money damages for the violations of his federal rights. Plaintiff shall be granted leave to amend the complaint to request monetary damages as relief.

1    **V.      CONCLUSION**

2          The Court finds that Plaintiff's original Complaint fails to state any cognizable claims upon

3    which relief may be granted under § 1983.  Therefore, the original Complaint shall be dismissed for

4    failure to state a claim, with leave to amend.

5          Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely

6    given when justice so requires.'"   The Court will provide Plaintiff with time to file an amended

7    complaint curing the deficiencies identified above.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-30 (9th

8    Cir.2000).    Plaintiff is granted leave to file an amended complaint within thirty days.

9          The amended complaint should be brief, but must state what each named defendant did that

10   led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); <u>Iqbal</u>,

11   556 U.S. at 678;  <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).  There is no <u>respondeat</u>

12   <u>superior</u> liability, and each defendant is only liable for his or her own misconduct.  <u>Iqbal</u>, 556 U.S.

13   at 678.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its

14   face.'"  <u>Id.</u> at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555).  Plaintiff must also demonstrate that each

15   defendant *personally* participated in the deprivation of his rights.  <u>Jones</u>, 297 F.3d at 934 (emphasis

16   added).

17         Plaintiff should note that although he has been given the opportunity to amend, it is not for

18   the purpose of adding new defendants relating to issues arising after December 6, 2010.  In addition,

19   Plaintiff should take care to include only those claims that have been exhausted prior to the initiation

20   of this suit on December 6, 2010.

21         With respect to exhibits, while they are permissible, Fed. R. Civ. P. 10(c), they are not

22   necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  The Court strongly suggests

23   to Plaintiff that they should not be submitted where (1) they serve only to confuse the record and

24   burden the Court, or (2) they are intended as future evidence.  If this action reaches a juncture at

25   which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial),

26   Plaintiff will have the opportunity at that time to submit his evidence.

27         Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be

28   complete in itself without reference to any prior pleading.  As a general rule, an amended complaint

supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's original Complaint, filed on December 6, 2010, is DISMISSED for failure to state a claim, with leave to amend;

2.    The Clerk is DIRECTED to send to Plaintiff a civil rights complaint form;

3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order;

4.    Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:10-cv-02262-GSA-PC;and

5.    If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:   December 20, 2012**          _____ /s/ **Gary S. Austin** _____
                                        UNITED STATES MAGISTRATE JUDGE