UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ANTONIO FALCON, | 1:10-cv-02262-GSA-PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF LEAVE TO AMEND THE COMPLAINT<br>(ECF No. 9.) |
| vs. | |
| M. R. PHILLIPS, | ORDER FOR CLERK TO SEND PLAINTIFF: |
| Defendant. | (1) A CIVIL RIGHTS COMPLAINT FORM, AND |
| | (2) A COPY OF THE COURT'S ORDER ISSUED ON OCTOBER 3, 2013 (ECF No. 11.) |
| | THIRTY-DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT |

## I.  BACKGROUND

Juan Antonio Falcon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on December 6, 2010.  (Doc. 1.)  On December 16, 2010, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (Doc. 5.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

The court screened the initial Complaint pursuant to 28 U.S.C. 1915A and entered an order on December 20, 2012, dismissing the Complaint for failure to state a claim, with leave to amend.  (Doc. 8.)  On January 18, 2013, Plaintiff filed the First Amended Complaint.  (Doc. 9.)  The court screened the First Amended Complaint and entered an order on October 3, 2013, dismissing this action in its entirety for failure to state a claim, closing the case.  (ECF No. 11.)  Judgment was entered on October 3, 2013.  (ECF No. 12.)

On November 1, 2013, Plaintiff appealed the court's judgment to the Court of Appeals for the Ninth Circuit.  (ECF No. 13.)

On September 4, 2015, the Ninth Circuit issued an order vacating the judgment and remanding the case to the district court.  (ECF No. 18.)  The Ninth Circuit's mandate was issued on September 29, 2015.  (ECF No. 19.)

The Ninth Circuit's order held, in relevant part:

> "      The district court properly dismissed Falcon's complaint because Falcon failed to allege facts sufficient to show that his placement in segregated housing as a result of his disciplinary hearing imposed an "atypical and significant hardship" on him "in relation to the ordinary incidents of prison life" to create a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (constitutionally protected liberty interest arises only when a restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). However, although it gave notice of the complaint's deficiencies in the order filed on October 3, 2013, the district court did not provide an opportunity to amend with the benefit of that notice. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation and internal quotation marks omitted)); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (setting forth abuse of discretion standard of review). Although Falcon was previously granted leave to amend, the guidance in the prior order did not speak to the deficiencies at issue in this complaint. Accordingly, we vacate the judgment and remand to the district court with instructions to provide Falcon with an opportunity to file an amended complaint."

(ECF No. 18.)

Pursuant to the Ninth Circuit's order, the court shall provide Plaintiff with another opportunity to amend his complaint.

## II.   CONCLUSION AND ORDER

On October 3, 2013, the Court issued an order finding that Plaintiff's First Amended Complaint, filed on January 18, 2013, failed to state any cognizable claim upon which relief could be granted under § 1983.  (ECF No. 11.)  Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires."  The Court shall now provide Plaintiff with time to file an amended complaint curing the deficiencies identified in the court's October 3, 2013 order, Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000), and the Clerk shall be directed to send Plaintiff a copy of the October 3, 2013 order for his review.  Plaintiff shall be granted thirty days in which to file a Second Amended Complaint.

The amended complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Fed. R. Civ. P. 8(a); Iqbal, 566 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct.  Iqbal, 556 U.S. at 676.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Id. at 678 (quoting Twombly, 550 U.S. at 555).  Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights.  Jones, 297 F.3d at 934 (emphasis added).  In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.  Plaintiff should state clearly, in his own words, what happened, describing what he saw, heard, or otherwise experienced.  Plaintiff must describe what each defendant did to violate the particular right described by Plaintiff.  Plaintiff should carefully review the court's October 3, 2013 order and only include the claims he believes are cognizable.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff has not been granted leave to add allegations of events occurring or claims arising after December 6, 2010, the date the original Complaint was filed.

Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send to Plaintiff:
    (1) A civil rights complaint form, and
    (2) A copy of the court's order issued on October 3, 2013 (ECF No. 11);
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Second Amended Complaint curing the deficiencies identified by the Court in the October 3, 2013 order;
3. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:10-cv-02262-GSA-PC; and
4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **October 2, 2015**                              **/s/ Gary S. Austin**
                                                                        UNITED STATES MAGISTRATE JUDGE