UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ANTONIO FALCON,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>M. R. PHILLIPS,<br><br>　　　　Defendant. | 1:10-cv-02262-EPG-PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983<br>(ECF No. 22.)<br><br>ORDER THAT THIS DISMISSAL IS SUBJECT TO THE "THREE-STRIKES" PROVISION OF 28 U.S.C. § 1915(g)<br><br>ORDER DIRECTING CLERK TO CLOSE CASE |

**I.     BACKGROUND**

Juan Antonio Falcon ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 6, 2010. (ECF No. 1.)

On December 16, 2010, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

The Court screened the original Complaint pursuant to 28 U.S.C. 1915A and entered an order on December 20, 2012, dismissing the Complaint for failure to state a claim, with leave to amend.[1]  (ECF No. 8.)

---

[1] This prior order was issued by Magistrate Judge Gary S. Austin, to whom this case was previously assigned. On October 2, 2015, the case was assigned to Magistrate Judge Erica P. Grosjean. (ECF No. 21.)

On January 18, 2013, Plaintiff filed the First Amended Complaint. (ECF No. 9.) The Court screened the First Amended Complaint and entered an order on October 3, 2013, dismissing this action in its entirety for failure to state a claim and closing the case. (ECF No. 11.) Judgment was entered on October 3, 2013. (ECF No. 12.)

On November 1, 2013, Plaintiff appealed the Court's judgment to the Court of Appeals for the Ninth Circuit. (ECF No. 13.)

On September 4, 2015, the Ninth Circuit issued an order vacating the judgment and remanding the case to the district court. (ECF No. 18.) The Ninth Circuit's mandate was issued on September 29, 2015. (ECF No. 19.)

The Ninth Circuit's order held, in relevant part:

> " The district court properly dismissed Falcon's complaint because Falcon failed to allege facts sufficient to show that his placement in segregated housing as a result of his disciplinary hearing imposed an "atypical and significant hardship" on him "in relation to the ordinary incidents of prison life" to create a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (constitutionally protected liberty interest arises only when a restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). However, although it gave notice of the complaint's deficiencies in the order filed on October 3, 2013, the district court did not provide an opportunity to amend with the benefit of that notice. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation and internal quotation marks omitted)); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (setting forth abuse of discretion standard of review). Although Falcon was previously granted leave to amend, the guidance in the prior order did not speak to the deficiencies at issue in this complaint. Accordingly, we vacate the judgment and remand to the district court with instructions to provide Falcon with an opportunity to file an amended complaint." (ECF No. 18 at 2-3.)

Pursuant to the Ninth Circuit's order, this Court issued an order on October 2, 2015 providing Plaintiff with another opportunity to amend his complaint. (ECF No. 20.) On November 2, 2015, Plaintiff filed the Second Amended Complaint, which is now before the Court for screening. (ECF No. 22.)

///

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff is presently incarcerated at Salinas Valley State Prison in Soledad, California. The events at issue in the Second Amended Complaint allegedly occurred while Plaintiff was housed at the Kern Valley State Prison KVSP) in Delano, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff names as defendant Lieutenant M. R. Phillips, who was employed by the CDCR at KVSP during the relevant time. Following are Plaintiff's factual allegations in their entirety.

> During the hearing for a serious Rules violation Defendant Phillips went against the rules and regulations established in the Title 15 and D.O.M. by denying Plaintiff access to vital witnesses. Furthermore, the one witness that Plaintiff was allowed to question, Defendant Phillips refused to ask the questions prepared in advance by Plaintiff. The hearing was done through speakerphone which Defendant Phillips took advantage of to reject nearly every question asked by Plaintiff even though those questions were within the rules and regulations established in the Title 15 and D.O.M.
>
> As a result of Defendant's blatant disregard for the Title 15 and the D.O.M. Plaintiff faced discrimination and harassment within administrative segregation due to the nature of the serious rules violation (battery on a female nurse). Given the seriousness of the rules violation, and the fact that the district attorney found the charges unworthy of pursuing, Defendant Phillips should have taken the matter more seriously.

(Second Amended Complaint, ECF No. 22 at 2-3.)

Plaintiff requests dismissal of the Serious Rules Violation and $5,000.00 compensation.

## IV. PLAINTIFF'S DUE PROCESS CLAIM

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal

participation in the deprivation, but also by setting in motion a series of acts by others which the actors knows or reasonably should know would cause others to inflict the constitutional injury." Johnson at 743-44).

**Due Process**

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). To state a claim, Plaintiff must first identify the interest at stake. Id. Liberty interests may arise from the Due Process Clause or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, id. at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, id. at 222-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Wilkinson, 545 U.S. at 221 (citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. See Hewitt v. Helms, 459 U.S. 460, 466-68 (1983); see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted).

///

Here, Plaintiff has not alleged facts demonstrating that his placement and retention in the SHU imposed an atypical and significant hardship in relation to the ordinary incidents of prison life. Plaintiff alleges that he "faced discrimination and harassment within administrative segregation due to the nature of the serious rules violation (battery on a female nurse)," but he does not describe conditions that posed an atypical and significant hardship in comparison to the conditions of prison life in general.  Therefore, Plaintiff fails to state a cognizable claim for violation of his rights to due process.

## V.  CONCLUSION AND ORDER

For the reasons set forth above, the Court finds that Plaintiff fails to state any cognizable claims in the Second Amended Complaint upon which relief may be granted under § 1983.  Plaintiff was previously granted leave to amend the complaint with ample guidance by the Court, and Plaintiff has now filed three complaints without stating any cognizable claims. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Based on the foregoing, it is HEREBY ORDERED that:

1. This action is DISMISSED in its entirety, with prejudice, for failure to state a claim upon which relief may be granted under § 1983;
2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011); and
3. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **May 16, 2016**          /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE